UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 00 CV 1805 PAM/SRN

Kami Jo Nelson,

Plaintiff,

vs.

**STIPULATION**

General Electric Company, Inc.,

Defendant.

IT IS HEREBY STIPULATED and agreed by and between the parties by their respective undersigned attorneys, that defendant General Electric Company, Inc. may serve and file a Third-Party Complaint in the form attached hereto as Exhibit A.

Dated: December 13, 2000

GARTNER, BENNETT & SCHUPP, PC

Timothy R. Schupp, #130837
One Financial Plaza, Suite 2200
120 South Sixth Street
Minneapolis, MN 55402-1824
Telephone: 612-333-3839
Attorneys for Defendant General Electric Company, Inc.

Dated: December 13, 2000

HUNEGS, STONE, LENEAVE, KVAS & THORNTON, P.A.

Steven M. Hunegs, #0207524
1650 International Centre
900 Second Avenue South
Minneapolis, MN 55402
Telephone: 612-339-4511
Attorneys for Plaintiff Kami Jo Nelson

FILED DEC 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

UPON THIS FOREGOING STIPULATION,

IT IS HEREBY ORDERED that defendant General Electric Company, Inc. may serve and file a Third-Party Complaint in the form attached hereto as Exhibit A.

Dated: December 14, 2000

BY THE COURT:

Susan Richard Nelson

Susan Richard Nelson
United States Magistrate Judge

796/stipulation

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 00 CV 1805 PAM/SRN

Kami Jo Nelson,

Plaintiff,

vs.

**THIRD-PARTY COMPLAINT**

General Electric Company, Inc.,

Defendant and
Third-Party Plaintiff,

vs.

Joyce Carlson's Kitchen, Inc.,

Third-Party Defendant.

Defendant and third-party plaintiff General Electric Company, Inc. for its Third-Party Complaint against third-party defendant Joyce Carlson's Kitchen, Inc., herein states and alleges:

**FACTUAL BACKGROUND**

1. Plaintiff has served a Complaint on defendant and third-party plaintiff General Electric Company, Inc., a true a correct copy of which is attached hereto as Exhibit A.

2. By her Complaint, plaintiff seeks to recover an amount of damages in excess of $50,000 against defendant and third-party plaintiff for personal injuries allegedly sustained as a result of an accident that occurred at Joyce Carlson's Kitchen in Duluth, Minnesota on July 9, 1999.

3. Joyce Carlson's Kitchen is a restaurant, which is owned and operated by third-party defendant Joyce Carlson's Kitchen, Inc.

4. At the time of plaintiff's accident, plaintiff was acting within the course and scope of her employment as an employee of Joyce Carlson's Kitchen, Inc.

**JURISDICTION**

5. This Court has original jurisdiction over plaintiff's Complaint, pursuant to 28 U.S.C. § 1332, in that plaintiff is a citizen of the State of Minnesota and defendant General Electric Company, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business in the State of Connecticut. Upon information and belief, plaintiff's claimed damages exceed the $75,000 jurisdictional minimum.

6. Third-party defendant Joyce Carlson's Kitchen, Inc. is a corporation organized under the laws of the State of Minnesota with its principal place of business located in Duluth, Minnesota.

7. This Court has original jurisdiction over the Third-Party Complaint, pursuant to 28 U.S.C. § 1332, in that defendant and third-party plaintiff General Electric Company, Inc. and third-party defendant Joyce Carlson's Kitchen, Inc. are citizens of different states and the amount in controversy exceeds $75,000. Alternatively, this Court has supplemental jurisdiction over the Third-Party Complaint.

**CLAIM FOR CONTRIBUTION**

8. Third-party defendant Joyce Carlson's Kitchen, Inc. had a nondelegable duty to provide the plaintiff with a safe place to work, at the time of the accident referenced in plaintiff's Complaint.

9. The personal injuries alleged in plaintiff's Complaint were a direct and proximate result of the negligence and carelessness of Joyce Carlson's Kitchen, Inc. and its employees and a direct and proximate result of the failure of Joyce Carlson's Kitchen, Inc. to provide a safe place for plaintiff to work.

10. That if defendant and third-party plaintiff General Electric Company, Inc. is held liable on plaintiff's Complaint herein, then defendant and third-party plaintiff is entitled to contribution from third-party defendant Joyce Carlson's Kitchen, Inc. on its Third-Party Complaint in accordance with Lambertson v. Cincinnati Corp., 257 N.W.2d 679 (Minn. 1977).

WHEREFORE defendant and third-party plaintiff General Electric Company, Inc. prays judgment against third-party defendant Joyce Carlson's Kitchen, Inc. that in the event defendant and third-party plaintiff is held liable to plaintiff on plaintiff's Complaint herein, that defendant and third-party plaintiff have and recover judgment on its Third-Party Complaint against the third-party defendant for contribution, together with defendant and third-party plaintiff's costs and disbursements herein.

Dated: December ____, 2000

GARTNER, BENNETT & SCHUPP, PC

______________________________

Timothy R. Schupp, #130837
One Financial Plaza, Suite 2200
120 South Sixth Street
Minneapolis, MN 55402-1824
Telephone: 612-333-3839

Attorneys for Defendant and Third-Party Plaintiff General Electric Company, Inc.

796/complaint 3rdparty

# EXHIBIT A

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

PRODUCTS LIABILITY

Kami Jo Nelson,

Plaintiff,

vs.

General Electric Company, Inc.,

Defendant.

Court File No. ________

**COMPLAINT**

Served 7/11/00

COMES NOW the Plaintiff and for her causes of action against the above-named Defendants, states and alleges as follows:

I.

That Plaintiff, Kami Jo Nelson, resides in the City of Duluth, County of St. Louis, State of Minnesota.

II.

That the Defendant, General Electric, Inc., is a New York corporation with its principal place of business in Fairfield, Connecticut. Further, that this Defendant does business in the State of Minnesota including, but not limited to, advertising its products, having authorized dealerships located in Minnesota, shipping its products into Minnesota and selling its products to Minnesota businesses and individuals.

III.

Defendant General Electric designed, manufactured and sold a deep-fat fryer identified as model number HK3, serial number: 102790002 (hereinafter "deep-fat fryer").

IV.

That on July 9, 1999, the Plaintiff, Kami Jo Nelson, was injured when she was required, by

the design of the deep fat fryer, to carry the open container of hot grease to the nearby disposal container but tripped over a boxes placed in a doorway by her coworker. As a result, the Plaintiff was severely and permanently injured and damaged when her face and chest were covered by the hot grease splashing out of the open container supplied by defendant with the deep fat fryer.

**COUNT ONE**
**Negligence**

Plaintiff adopts each allegation of the general allegation and in addition alleges as follows:

V.

That the Defendant, General Electric, was negligent in the design, manufacture, sale, distribution, warnings and instructions concerning the deep-fat fryer, including, but not limited to, its failure to properly design the deep-fat fryer so as to prevent the Plaintiff's injuries and also in its failure to properly and adequately warn and instruct on its use and the danger associated with its use.

VI.

That in the years during and after the manufacture, design, sale and distribution of the deep-fat fryer, Defendant General Electric, Inc., knew or should have known of the dangers associated with the anticipated use of the deep-fat fryer and negligently failed to design a reasonably safe product considering all the facts and circumstances, including the grave dangers presented by the product, the likelihood that serious harm will result from the anticipated use of the product, the seriousness of the harm, the cost and ease of taking effective precautions to avoid the harm and generally failed to consider the scientific knowledge and advances in the field.

VII.

That as a direct and proximate result of Defendant General Electric's negligence described above, the Plaintiff, Kami Jo Nelson, was injured.

**COUNT TWO**
**Strict Liability**

Plaintiff adopts each allegation of the general allegation and in addition alleges as follows:

VIII.

Defendant, General Electric, is in the business of designing, manufacturing, distributing and selling kitchen and cooking equipment including the deep-fat fryer described above.

IX.

That the deep-fat fryer was in a defective unreasonably dangerous and ultra hazardous condition when it left control of Defendant General Electric.

X.

That on July 9, 1999, the time the Plaintiff was injured, the deep-fat fryer had not been altered, changed, or modified from the condition it was in when it left the control of Defendant General Electric.

XI.

That at the time Plaintiff was injured she was using the deep-fat fryer in anticipated manner that was reasonably foreseeable to defendant.

XII.

That as a direct and proximate result of Defendant General Electric's actions and inactions described above, the Plaintiff was injured.

**COUNT THREE**
**Express Warranties**

Plaintiff adopts each allegation stated above of the general allegation and in addition alleges as follows:

XIII.

That Defendant General Electric did expressly warrant that the product described above was safe for use by persons such as the Plaintiff.

XIV.

That Defendant General Electric breached said warranty of designing, manufacturing and selling the deep-fat fryer which they knew or should have known was dangerously defective, and unsafe to use.

XV.

That Plaintiff's injuries were a direct result of said breach.

**COUNT FOUR**
**Implied Warranties**

Plaintiff adopts each and every allegation stated above, and in addition states and alleges as follows:

XVI.

That the Defendant General Electric is a seller of goods including the deep-fat fryer described above, which caused the Plaintiff injury.

XVII.

That the Defendant General Electric did impliedly warrant that the deep-fat fryer described above was fit for the ordinary purpose for which such goods are used, conformed to the promises or affirmations of fact made on the container, label or advertising, and in general, that the deep-fat fryer was merchantable and safe for use by persons such as the Plaintiff.

XVIII.

That Plaintiff's injuries were a direct result of the Defendants' breach of the warranties described above, all to her damage in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Kami Jo Nelson demands judgment against the Defendant, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs and disbursements incurred herein.

HUNEGS, STONE, LeNEAVE, KVAS & THORNTON, P.A.

Dated: 7/7/00

Cortney S. LeNeave, MN ID 018424X
Steven M. Hunegs MN ID 0207524
Attorneys for Plaintiff
1650 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 339-4511

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. Sect. 549.21, subd. 2, to the party against whom the allegations in these pleadings are asserted.

Steven M. Hunegs